RECEIVED
SDNY PRO SE OFFICE
2022 MAR -4  AM 10: 15

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

_Everett Reed_

Write the full name of each plaintiff.

-against-

_Superintendent Mark Royce_
_Dept of Security Anthony Russo_
_Officer L. Massett_

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

_21_ CV _8002 (LTS)_

(Include case number if one has been assigned)

# AMENDED
# COMPLAINT
(Prisoner)

Do you want a jury trial?
☒ Yes   ☐ No

## NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

Rev. 5/20/16

## I. LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☑ Violation of my federal constitutional rights

☐ Other: _____

## II. PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

_EVERETT_____  _R. L._____  _REED_____
First Name          Middle Initial   Last Name

_____
State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

_10 A 5323_
Current Place of Detention

_Green Haven Correctional Facility, 594 Route 216_
Institutional Address

_Stormville_____   _N.Y._____   _12582_
County, City         State          Zip Code

## III. PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐ Pretrial detainee
☐ Civilly committed detainee
☐ Immigration detainee
☑ Convicted and sentenced prisoner
☐ Other: _____

Page 2

## IV. DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1: **MACK** **Royce**
First Name / Last Name / Shield #

**Superintendent**
Current Job Title (or other identifying information)

**594 Route 216**
Current Work Address

**Stormville**  **NY**  **12582**
County, City / State / Zip Code

Defendant 2: **Anthony** **Russo**
First Name / Last Name / Shield #

**Dept of Security**
Current Job Title (or other identifying information)

**594 Route 216**
Current Work Address

**Stormville**  **NY**  **12582**
County, City / State / Zip Code

Defendant 3: **L.** **Massett**
First Name / Last Name / Shield #

**Officer of Correction**
Current Job Title (or other identifying information)

**594 Route 216**
Current Work Address

**Stormville**  **NY**  **12582**
County, City / State / Zip Code

Defendant 4:
First Name / Last Name / Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City / State / Zip Code

Page 3

V.   STATEMENT OF CLAIM

Place(s) of occurrence:   Green Haven Correctional Facility,
                          B-Block 4 Company

Date of occurrence:       December 16, 2020

FACTS:

State here briefly the FACTS that support

On December 16, 2021, Plaintiff, an inmate at Green Haven Correction Facility ("Green Haven"), was on the kiosk located at the front of "4 Company". The A-Officer had yelled out down the company that the PSU medication run was being called. At this time, the A-Officer cracked Incarcerated Individual (I/I) Tharpe, DIN 10A2656, who was keeplocked, to exit his cell, number 181 at the end of the gallery, to go to get his medication. I had not given this any mind nor felt threatened until I realized that there was no officer escorting I/I Tharpe from his cell, since he was keeplocked for violent behavior for his most recent fight, nor was the B-Officer at the front of the company to visualize I/I Tharpe coming down the gallery. I/I Tharpe was under keeplocked sanctions because of a fighting Misbehavior Report.

I was still on the kiosk when I/I Tharpe and the A-Officer began to argue. I could not understand nor truly heard what the argument was about when I heard I/I Tharpe said "Hey you!" then felt I/I Tharpe punch me in the face. I fell over onto my wheelchair and was still being pummeled by I/I Tharpe when an alarm was called.

I suffered the following injuries due to the assault by I/I

1

Tharpe:

    a. broken orbital socket bone
    b. double vision/blurred vision
    c. back pain due to being kicked in the back causing injury
    d. limited rotation of my neck

After the attack, x-rays were taken but they were inconclusive. I was sent for a CAT Scan and the exam revealed that the injuries suffered during the assault exasperated an unknown arthritic condition that has deteriorated disk in my spine.

I was given an injection directly into the spine as part of my pain management curriculum with the anticipation of surgery if this regimen does not work. If the pain management curriculum does not work, my spine will need fusion surgery.

"The fundamental proposition of the law of negligence regarding the duty, scope of duty, breach of duty, and foreseeability apply to negligence claims against the State for [inmate] injuries sustained in assaults occurring in correctional facilities. Having assumed physical custody of [inmates], who cannot protect and defend themselves in the same way as people at liberty can, the State owes a duty of care to safeguard inmates, even from attacks by fellow [inmates]" (**Sanchez v. State of New York**, 99 NY2d 247 [2002]).

The essential facts are undisputed: Claimant was assaulted by another Incarcerated Individual while on the kiosk causing injuries that may require surgery. The attack occurred at the front of 4 company. On the night of the assault, only one correction officer was stationed to supervise Incarcerated Individual's movement from an area that he could not defend or assist if an attack or fight occurred. The assault lasted less

2

than one minute and the officers came to assist Claimant in less than two minutes after the start of the attack. Claimant, in the interview after the assault stated that he was completely surprised by the attack and had no reason to believe he was going to be attacked.

In support of this claim, Claimant submits evidence that the attack was foreseeable and the assault violated generally accepted penological standards of care, including the following:

    a. The State failed to provide "active supervision" when Incarcerated Individual Tharpe was released from his cell at the end to go to his PSU medication run.

    b. I/I Tharpe was keeplocked because of a prior violent incident against another Incarcerated Individual, therefore, his propensity for violence is well documented.

    c. No security could have been afforded Claimant in a gallery that has 42 cells and more than 100 feet long by just one officer enclosed in a "bubble" and no other officer was in the area, as required by statute, even though I/I Tharpe is notorious for "inmate-on-inmate" violence.

    d. It is believed the officers in E Block use improper training methods and the supervisors at the time of the incident were negligent in overseeing the manner in which the escort of I/I Tharpe was being "escorted" to get his PSU medications.

In **Flaherty v. State of New York** (296 NY 342), the New York State Court of Appeals addressed the element of foreseeability of inmate-on-inmate violence and attacks. Unlike **Flaherty**, where there was no foreseeable or notice that Flaherty's attacker was dangerous or had a propensity for violence, I/I Tharpe had a history of violence with multiple Misbehavior Reports for fighting and unprovoked attacks on other Incarcerated Individuals. The fact is that I/I Tharpe has a history of attacking correction officers.

In this instant case, "foreseeable of risk is an essential element of fault-based negligence cause of action because the community deems a person at fault only when the injury-inducing occurrence is one that could have been anticipated" (**DiPonzio v. Riordan**, 89 NY2d 578, 583 [1997]). The correction officers knew that I/I Tharpe had a tendency and propensity for violence, yet they failed at their duty to supervise and escort I/I Tharpe. The Court has recognized three situations that it has defined that would raise an issue of fact concerning "foreseeability": 1. where the State knew that the victim was at risk of assault; 2. where the assailant was known to be dangerous; and 3. where the State was aware of an attack but failed to appropriately intervene to assist and protect the victim.

In this instant case, the applicable concern is clearly the second one. The officers in E Block knew that the assailant had serious mental issue, including being mentally unstable, which is why he was medication for his mental issues. The officers, and prison officials at the highest levels, displayed deliberate indifference by failing to act reasonably and not having an escort for I/I Tharpe from his cell to the PSU medication area. It was because improper training methods that the officers were negligent in overseeing the manner in which I/I Tharpe was escorted.

The Eighth Amendment, made applicable to the states by the Fourteenth Amendment, prohibits the infliction of "cruel and unusual" punishment on convicted prisoners. "The Eighth Amendment protects against conditions that pose an unreasonable risk of future harm, as well as those that currently are causing harm"

(**Helling v. McKinney**, 509 US 25, 33 [1993]).

The fact that a serious injury occurred is evidence enough that "a risk was obvious or otherwise must have been known to a defendant official may be sufficient for a fact finder to conclude that the defendant was actually aware of the risk, as required to support an Eighth Amendment claim of deliberate indifference to risk to prisoner's health" (**Edwards v. Quiros**, 986 F.3d 187 [2d Cir. 2011]).

As per 9 NYCRR §7003.2(a)(1), Security and Supervision: "a personal visual observation of each individual prisoner by facility staff responsible for the care and custody of such prisoner to monitor their presence and proper conduct" and 9 NYCRR §7003.2(c)(3), Active Supervision: "Active supervision shall mean the immediate availability to prisoners of the facility staff responsible for the care and custody of such prisoner which shall include 'the ability of staff to immediately respond to emergency situations'". This act of supervision, as required by law and statute, was violated when security personnel failed to supervise I/I Tharpe. There was no "B" officer, no escort officer, and only one officer in an enclosed "bubble" that visualized I/I Tharpe walking from his cell to the front of the company while Claimant was using the kiosk. This violated all security protocols knowing that I/I Tharpe had a propensity for violence against other inmates and officers. Defendants breached the State's duty to provide reasonable protection against the foreseeable risk of injuries. The Department of Corrections and Community Supervision, in whole, failed to properly implement their own prison policy and

5

regulations of care, custody, and control, jeopardizing the safety and security of Claimant.

This failure supports an Eighth Amendment claim of deliberate indifference, and their failure to train and supervise can be held as liable for all subsequent violations if an inaction amounts to deliberate indifference. Pursuant to **Farmer**, 511 US 825, 833, "prison officials have a duty to protect prisoners".

Relief Sought

Lack of security / Failure to follow security procedure $250,000.

Pain and suffer $250,000.

Future compensation $250,000.

## VII. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

__2/28/22__  __Everett Reed__
Dated   Plaintiff's Signature

__EVERETT__   __R. L.__   __REED__
First Name   Middle Initial   Last Name

__594 Route 216__
Prison Address

__Stormville__   __NY__   __12582__
County, City   State   Zip Code

Date on which I am delivering this complaint to prison authorities for mailing: __2/28/22__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EVERETT REED,

                Plaintiff,

-against-

OFFICER L. MASSETT,

                Defendant.

21-CV-8002 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

    By order dated January 5, 2022, the Court directed Plaintiff to file an amended complaint within sixty days from the date of the order. On January 24, 2022, the Court received a letter from Plaintiff stating that he had been hospitalized and did not receive the Court's order until January 19, 2022. The Court construes Plaintiff's letter as requesting an extension of time to file an amended complaint. Plaintiff's request for an extension of time is granted. Plaintiff is directed to file an amended complaint within sixty days of the date of this order. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed.

    The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated: February 8, 2022
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

Green Haven C.F.
594 Route 216
Stormville, NY 12582
Everett Reed 10A5323

RECEIVED
2022 MAR -3 PM 2:50
CLERK'S OFFICE
S.D.N.Y.

RECEIVED
SDNY PRO SE OFFICE
2022 MAR -4 AM 10:13

NEOPOST  FIRST CLASS MAIL
03/01/2022  $001.560

Southern District Court
500 Pearl Street
New York, NY 10007-1316

USM p3
SDNY



RECEIVED
MAR 03 2022
CLERK'S OFFICE
S.D.N.Y.

Pro Se  JKR