```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/15/2022
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EVERETT REED,

                       Plaintiff,

-against-

SUPERINTENDENT MARK ROYCE; DEPT OF SECURITY ANTHONY RUSSO; OFFICER L. MASSETT,

                       Defendants.

21-CV-8002 (NSR)

ORDER OF SERVICE

NELSON S. ROMÁN, United States District Judge:

    Plaintiff, who is currently incarcerated at Green Haven Correction Facility, brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants failed to protect him from a violent prisoner. By order dated January 6, 2022, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP).[1]

## STANDARD OF REVIEW

    The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## DISCUSSION

**A.     Officer L. Massett**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege facts showing the defendants' direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.") (internal quotation marks omitted). A defendant may not be held liable under § 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."). Rather, "[t]o hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official . . . ." *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020).

Plaintiff does not allege any facts showing how Officer Massett was personally involved in the events underlying his claims. Plaintiff's claims against Officer Massett are therefore

dismissed for failure to state a claim on which relief may be granted. The Court grants Plaintiff leave to file an amended complaint to provide facts describing Officer Massett's personal involvement in what occurred.

**B.     Order of Service**

Because Plaintiff has been granted permission to proceed IFP, Plaintiff is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that summonses and the complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date summonses are issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants Superintendent Mark Royce and Deputy Superintendent of Security Anthony Russo through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to issue

summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**C.    Doe Defendants**

In the complaint, Plaintiff alleges that an "A-Officer" and a "B-Officer" were on duty when another prisoner, Tharpe, assaulted Plaintiff on December 16, 2021, at the time of the "PSU medication run."  The A-Officer opened Tharpe's cell (#181), and the B-Officer was stationed at the "kiosk located at the front of '4 Company,'" where Plaintiff sat in his wheelchair. (ECF 12 at 4.)  Plaintiff does not name these officers in the caption of the complaint.

In light of Plaintiff's *pro se* status and clear intention to assert claims against the A-Officer and the B-Officer, the Court directs the Clerk of Court, under Rule 21 of the Federal Rules of Civil Procedure, to amend the caption of this action to add "John or Jane Doe 1" and "John or Jane Doe 2."  This amendment is without prejudice to any defenses these individuals may wish to assert once they are identified.

Under *Valentin v. Dinkins*, 121 F.3d 72, 76 (2d Cir. 1997), a *pro se* litigant is entitled to assistance from the district court in identifying defendants.  In the complaint, Plaintiff supplies sufficient information to permit the New York State Attorney General's Office to identify the A-Officer and the B-Officer.  It is therefore ordered that the New York State Attorney General's Office, which is the attorney for and agent of the New York State Department of Corrections and Community Supervision, must ascertain the identities and badge numbers of the John or Jane Doe whom Plaintiff seeks to sue here and the address where the defendant may be served.  The New York State Attorney General's Office must provide this information to Plaintiff and the Court within sixty days of the date of this Order, by May 16, 2022.

Within thirty days of receiving this information, Plaintiff must file an amended complaint naming the John Doe defendants. The amended complaint will replace, not supplement, the original complaint. An amended complaint form that Plaintiff should complete is attached to this Order. Once Plaintiff has filed an amended complaint, the Court will screen the amended complaint and, if necessary, issue an order directing the Clerk of Court to complete the USM-285 forms with the addresses for the named John Doe Defendants and deliver all documents necessary to effect service to the U.S. Marshals Service.

## CONCLUSION

Plaintiff's claims against Officer L. Massett are dismissed without prejudice. The Court grants Plaintiff leave to file an amended complaint to provide facts against this defendant within thirty days, by April 14, 2022. Failure to timely file an amended complaint may result in the dismissal of claims with prejudice against Officer L. Massett.

The Clerk of Court is directed to: (1) mail a copy of this Order to Plaintiff, together with an information package; (2) add "John or Jane Doe 1" and "John or Jane Doe 2" as defendants in this action, *see* Fed. R. Civ. P. 21; (3) mail a copy of this order and the complaint to the New York State Attorney General at: 28 Liberty Street, New York, NY 10005; and (4) complete the USM-285 forms with the addresses for Superintendent Mark Royce and Deputy Superintendent of Security Anthony Russo and deliver all documents necessary to effect service to the U.S. Marshals Service.

An amended complaint form is attached to this order.

SO ORDERED.

Dated:   March 15, 2022
        White Plains, New York

                                              NELSON S. ROMÁN
                                            United States District Judge

**DEFENDANTS AND SERVICE ADDRESSES**

1. Superintendent Mark Royce
   Green Haven Correctional Facility
   594 Route 216
   Stormville, New York 12582

2. Deputy Superintendent of Security Anthony Russo
   Green Haven Correctional Facility
   594 Route 216
   Stormville, New York 12582

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

\_\_\_\_\_CV_____

Write the full name of each plaintiff.

(Include case number if one has been assigned)

-against-

**AMENDED COMPLAINT**

(Prisoner)

Do you want a jury trial?
☐ Yes   ☐ No

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

Rev. 5/20/16

I.  **LEGAL BASIS FOR CLAIM**

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other:

II.  **PLAINTIFF INFORMATION**

Each plaintiff must provide the following information. Attach additional pages if necessary.

First Name          Middle Initial          Last Name

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

Current Place of Detention

Institutional Address

County, City                              State                         Zip Code

III.  **PRISONER STATUS**

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other:

## IV. DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |

Defendant 2:

| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |

Defendant 3:

| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |

Defendant 4:

| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |

Page 3

## V. STATEMENT OF CLAIM

Place(s) of occurrence:

Date(s) of occurrence:

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

## VI.     RELIEF

State briefly what money damages or other relief you want the court to order.

## VII. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

_____          _____
Dated                                                                Plaintiff's Signature

_____          _____
First Name          Middle Initial          Last Name

_____
Prison Address

_____
County, City                                    State                    Zip Code

Date on which I am delivering this complaint to prison authorities for mailing: _____

Page 6